UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| STATE OF TENNESSEE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No: 4:09-CV-66 |
| | : |
| LAWRENCE E. RALPH, | : |
| | : |
| Defendant. | : |

## **REPORT and RECOMMENDATION**

**I.    Introduction**

This action was originated in this Court by a Notice of Removal, which Defendant Lawrence Earl Ralph filed *pro se* with his Application to Proceed *in forma pauperis* ("Application") on June 30, 2009. Along with his Notice of Removal, Defendant filed documents which appear to arise from a state criminal charge brought against him in Warren County, Tennessee. Those documents include, *inter alia*, a True Bill and Indictment against Lawrence E. Ralph on charges of: (1) operating a passenger motor vehicle upon a highway in Warren County, Tennessee, while not restrained by a safety belt in violation of Tenn. Code Ann. § 55-9-603, and (2) operating a passenger motor vehicle in violation of the conditions on the driver's license issued to him; namely, while not wearing glasses or corrective lenses, in violation of Tenn. Code Ann. § 55-50-331. In his Notice of Removal, presumably as grounds for removal, Defendant states:

> This action was commenced in the Circuit Court for Warren County, STATE OF TENNESSEE, and assigned Case no. M-11889. (See alleged warrant, and Complaint, indictment). This is a civil action, in commerce, as STATE OF TENNESSEE, the fiction, claiming to

> be the damaged Party, asserting claims for relief pursuant to one STATE statute: COMMERCIAL CODE Title 55-9-603, 55-50-331, M-11889, being traded; FIDELITY MUNICIPAL MONEY MARKEY FUND, symbol FTEXX, **CUSIP NO. 316114007, fund no. 10.**

[Notice of Removal at 1].

Defendant has not attached a state court civil complaint to his Notice of Removal. Based on all of the aforementioned, the Court **CONCLUDES** Defendant is attempting to remove the criminal prosecution in the Warren County Circuit Court for operating a motor vehicle without wearing a safety belt and operating a motor vehicle without glasses or corrective lenses as required by his driver's license.

## II. Defendant's Application

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 341 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute therefore allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an application to proceed *in forma pauperis* is normally based solely on the application, particularly the affidavit of indigence and the plaintiff's complaint. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the plaintiff show, by affidavit, he is unable to pay court fees and costs. 28 U.S.C. § 1915(a). However, one need not be absolutely destitute to proceed *in forma pauperis*. *Adkins*, 335 U.S. at 342. An affidavit to proceed *in forma pauperis* is sufficient if it states that because of his poverty one cannot afford to pay the costs of the litigation and still

2

provide for himself and his dependents with the necessities of life. *Id.* at 339. The decision to grant or deny such an application lies within the sound discretion of the court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

As noted, Defendant has not filed a civil complaint in support of his Application. Based upon a review of Defendant's Application, however, the indigence requirements of 28 U.S.C. § 1915(a) appear to have been satisfied. Thus, the Clerk is **DIRECTED** to file the Notice of Removal without prepayment of costs or fees. *Gibson v. R.G. Smith Co.*, 915 F.2d 262-63 (6th Cir. 1990). The Clerk shall not issue process, however, at this time.

## III. Jurisdiction Over Defendant's Notice of Removal

This Court has a threshold duty to examine whether it has subject matter jurisdiction over every controversy presented to it. *Johnson v. Turner*, 135 F.3d 324, 336 n.13 (6th Cir. 1997); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1419 n.1 (6th Cir. 1996); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1137 (6th Cir. 1991). Further, pursuant to 28 U.S.C. § 1446(c)(4), after a notice of removal of a state criminal prosecution is filed, the district court shall examine the notice of removal "promptly" and "[i]f it appears clearly on the face of the notice and any exhibits annexed thereto that removal shall not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1446(c)(4).

Title 28 U.S.C. § 1441, the general removal statute, generally sets forth those instances in which a state court action may be removed to federal court, and all those instances in which removal is proper under Section 1441 involve state court civil actions, not criminal actions. *See* 28 U.S.C. § 1441. Thus, Section 1441 does not apply, since Defendant is not seeking to remove a civil action.

Title 28 U.S.C. § 1442 allows federal officers who are defendants in certain state criminal

3

proceedings to remove the criminal prosecution to federal Court. *See* 28 U.S.C. § 1442. Title 28 U.S.C. § 1442a allows members of the United States armed forces who are defendants in certain state criminal proceedings to remove the criminal prosecution to federal court. *See* 28 U.S.C. § 1442a. Defendant has not alleged he is either a federal officer or a member of the United States armed forces.

Title 28 U.S.C. § 1443 "authorizes the removal of certain civil actions or criminal prosecutions involving laws providing for the equal civil rights of citizens of or persons within the United States." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d § 3728* (3d ed. 1996 & Supp. 2009). Defendant is being prosecuted under state law for operating a vehicle without wearing a safety belt and operating a vehicle without glasses or corrective lenses as required by his driver's license – laws which are unrelated to the equal civil rights of citizens.

In *McDonald v. Tennessee*, 79 F. App'x 793 (6th Cir. 2003), McDonald sought to remove to federal court his state court proceeding involving traffic citations issued to McDonald for following another vehicle too closely and failing to provide proof of insurance. *Id.* at 794. The district court denied McDonald's removal petition on procedural grounds – untimeliness– and the Sixth Circuit upheld the dismissal of the action on that basis. *Id.* The Sixth Circuit further stated:

> McDonald's attempt to remove his criminal action to federal court was also unavailing because a federal court must not interfere with pending state proceedings that involve important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 43-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). McDonald's attempt to remove his criminal action to federal court also fails for an independent reason: A federal court generally may not interfere with pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 43-45, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

*Id.*

I **CONCLUDE** none of the bases for removal of a criminal prosecution from state court to federal court apply to Defendant's Notice of Removal. Accordingly, pursuant to 28 U.S.C. § 1446(c)(4), I **RECOMMEND** a summary **REMAND** of this action back to the Circuit Court of Warren County, Tennessee.[1]

        s/*Susan K. Lee*
        SUSAN K. LEE
        UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).